# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATALIE ANDERSON,**

        **Plaintiff,**

        **v.**                                  **Case No. 16-CV-1181**

**SOFTWAREONE, INC.,**

        **Defendant.**

## ORDER

On September 2, 2016, Natalie Anderson, a former employee of SoftwareONE, Inc., filed this action alleging that SoftwareONE violated the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964. (ECF No. 1.) In February 2017, SoftwareONE served on Anderson its First Requests for Production of Documents, First Set of Interrogatories, First Requests for Admission, and Second Requests for Production of Documents. Anderson provided responses to the First Requests for Admission on March 31, 2017. (ECF No. 34-3.) She did not provide responses to the First Set of Interrogatories until June 8, 2017. (ECF No. 34-4.) And she did not provide responses to the First Requests for Production of Documents until June 13, 2017. (ECF No. 34-5.)

Six months after receiving Anderson's responses to its first set of discovery requests (nearly nine months after receiving responses to its First Requests for Admission), on December 13, 2017, SoftwareONE sent a letter to Anderson contending that several of the responses were deficient. (ECF No. 34-6.) The same letter also stated that Anderson still had provided no response to SoftwareONE's Second Requests for Production of Documents. (*Id.*) Over a month later, on January 24, 2018, in response to an email from Anderson's counsel, SoftwareONE reminded him that "plaintiff still owes some additional materials from the prior letter I sent." (ECF No. 34-7 at 4.) Anderson's counsel promised to respond "by the 1st, and hopefully before." (ECF No. 34-7 at 3.) Subsequent emails sent to Anderson's counsel on February 6, 2018, March 14, 2018, and March 28, 2018, reminded Anderson's counsel that he still had not provided a response to SoftwareONE's December 13, 2017 letter, including no response to SoftwareONE'es Second Request for Production of Documents. (ECF No. 34-7 at 2.) The final email, from March 28, 2018, expressed counsel's availability "for a meet and confer." (*Id.*)

On April 11, 2018, SoftwareONE filed a "Motion to Compel Answers to Discovery and Deem Facts Admitted." (ECF No. 33.) In a declaration submitted in support of the motion, counsel for SoftwareONE states, "I have attempted in good faith to meet and confer with Plaintiff's counsel in an attempt to resolve this issue without court intervention but have been unable to reach an accord." (ECF No. 34-1, ¶ 2.)

Anderson responded, asserting that SoftwareONE failed to comply with Civil Local Rule 37 prior to filing the motion to compel. (ECF No. 37 at 1.) Her counsel states that he has been "in continuous contact with counsel for Defendant, and was surprised to see the instant motion to compel." (ECF No. 38, ¶ 2.) Anderson's counsel states that "Counsel for Defendant and I had exchanged emails just days prior to defendant filing the instant motion[]" and she "made no mention of seeking court intervention or otherwise contemplating a motion to compel at that time." (*Id.*, ¶ 3.) (He does not attach the emails, so the court has no idea what they say.) He says that he responded to the March 28, 2018 email, "indicating that I had followed up with my client on the requested information and hoped to have the information later that day." (*Id.*)

Civil Local Rule 37 provides:

> All motions to compel disclosure of discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

It is true that in her declaration SoftwareONE's counsel did not recite the date and time of the conference or conferences she had with Anderson's counsel. However, by attaching the above-referenced December 13, 2017 letter and follow-up emails, she supplied the court with information about her attempts to obtain from Anderson

responses to her outstanding discovery requests. Anderson's counsel's statement that he was "surprised" that a motion to compel was filed rings hollow when he was more than a year late in responding to SoftwareONE's second set of document requests, and more than three months removed from learning of disputes that SoftwareONE had with his responses to SoftwareONE's first set of discovery requests. Although he says that he responded to the March 28, 2018 email indicating that he would "have the information later that day," he still had not responded further to SoftwareONE as of the date this motion to compel was filed two weeks later.

As to the substance of the motion to compel, Anderson states she produced supplemental discovery in response to the motion to compel that she alleges "addresses the issues raised in Defendant's Motion." (ECF No. 37 at 2.) SoftwareONE replies that the responses it eventually received from Anderson are still partially incomplete. (ECF No. 39.)

SoftwareONE's motion to compel (ECF No. 33) is **denied**. It argues that Anderson's response to request to produce number 12 is incomplete because Anderson has not yet provided her W-2s for 2014, 2015, and 2106. (ECF No. 39 at 2.) However, request to produce number 12 does not actually request W-2s. In fact, it does not actually request *anything*. It requests "[c]opies of all federal and Wisconsin State, or any other state in which you filed tax returns, for the two years prior to your contractual relationship with SWO to the present date, which have been filed with the Internal

4

Revenue Service, the State of Wisconsin Department of Revenue and the State Department of Revenue for any other state in which you filed a tax return." Copies of what? The sentence is missing a subject. The court presumes the request intended to request tax returns. But even if read this way it is still deficient. A W-2 is not a "tax return." Therefore, W-2s were not within the scope of this request.

SoftwareONE also argues that Anderson failed to comply with request to produce number 14 because she has not provided her cell phone records for the period of her employment with SoftwareONE and one year after. Anderson objected on the basis of relevance but stated she was going to attempt to get the records from her cell phone provider. SoftwareONE has failed to prove the relevance of these records. Therefore, Anderson's objection is sustained.

Finally, SoftwareONE argues "Plaintiff has failed to provide any support for its assertion that Requests for Admission 7, 9, 10, 16, 17, 26, 27, 32, 33, 34, 35, 42, and 43 are not deficient or evasive." (ECF No. 39 at 3.) But SoftwareONE has not addressed these responses individually or explained specifically how each is allegedly deficient. The court has reviewed the relevant answers (ECF No. 34-3 at 2-9) and does not find them inconsistent with Fed. R. Civ. P. 36(a)(4).

The court declines to award reasonable expenses to either party. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of July, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge